IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| **DAUNDRA GRIER,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG 21-cv-2165 |
| | * | |
| **UNITED STATES DEP'T OF HOUSING AND URBAN DEVELOPMENT,** *et al.*, | | |
| | * | |
| **Defendants.** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Daundra Grier filed suit against the United States Department of Housing and Urban Development ("HUD"), the Housing Authority of Elkton, Maryland ("Elkton Housing Authority"), and the Housing Authority of Dallas, Texas[1] ("Dallas Housing Authority") for civil rights violations and violations of the Federal Tort Claims Act ("FTCA") allegedly committed in the wake of Hurricane Katrina. Compl., ECF No. 1. HUD filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and because Ms. Grier's claims are time barred under the applicable statute of limitations. Mot. 1, ECF No. 16. Ms. Grier responded in opposition. Resp., ECF No. 18. Pursuant to the Court's Letter Order, ECF No. 25, Ms. Grier then filed an Amended Complaint, Am. Compl., ECF No. 28, and HUD replied in support of its Motion to

---

[1]  Ms. Grier also names the "U.S. Attorney General of the District of Maryland" as a defendant, *see* Compl. 3, but it is not clear who exactly she is intending to sue as she served both the U.S. Attorney for the District of Maryland, ECF No. 7, and the Attorney General of the United States, ECF No. 8. Ms. Grier does not allege any facts specific to either of these parties. *See generally* Compl.; Am. Compl.

Dismiss, Reply, ECF No. 43. I have reviewed the filings[2] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, HUD's Motion to Dismiss is GRANTED.

## BACKGROUND

For the purposes of considering HUD's Motion to Dismiss, this Court takes the facts alleged in the Amended Complaint as true. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Hurricane Katrina hit New Orleans, Louisiana in August 2005. Am. Compl. 1. Along with many other New Orleans residents, Ms. Grier initially weathered the storm in the New Orleans Superdome, but was later bused to Dallas, Texas. *Id.* at 6. In Dallas, she resided in a shelter downtown. *Id.* Ms. Grier alleges that she was subject to discrimination while staying at this shelter. *Id.* Specifically, she claims that someone at the shelter told police officers that she did not belong there, and police then arrested and detained her as a trespasser. *Id.* Following this incident, Ms. Grier filled out an application for housing assistance with the Dallas Housing Authority, believing she would "become a matriculating program housing client." *Id.* at 3. She waited for six months through the spring of 2006 but never received confirmation that she was a housing voucher recipient. *Id.* at 4. Ms. Grier left Dallas in the summer of 2006 and moved to Maryland. *Id.* She checked her status on the Dallas housing waitlist before leaving and then obtained a travel voucher and ticket to Maryland through the Federal Emergency Management Agency ("FEMA"). *Id.* In Maryland, Ms. Grier again applied for housing assistance. *Id.* While awaiting assistance, she resided in a shelter in Elkton. *Id.* at 8. Ms. Grier never received a housing voucher from either the Dallas Housing Authority or the Elkton Housing Authority. *Id.*

In the aftermath of Hurricane Katrina, HUD, with funding from FEMA, administered the Katrina Disaster Housing Assistance Program ("KDHAP") through local Public Housing Agencies

---

[2]   Mot., ECF No. 16; Resp., ECF No. 18; Reply, ECF No. 43.

("PHAs"). KDHAP provided temporary rental assistance to families impacted by the storm. Mot. 2. The funding for KDHAP ended on January 31, 2006. *Id.* Separately, Congress appropriated funds to HUD to provide Section 8 housing vouchers to families displaced by Hurricane Katrina. Section 8 is a federal housing subsidy program funded by HUD and administered by PHAs. *Id. See also* 42 U.S.C. § 1437(f). PHAs must abide by HUD regulations in administering the Section 8 program, but otherwise have broad discretion in deciding who is eligible for assistance – PHAs may develop their own admissions policies and administer their own waiting lists. Mot. 2. Thus, while Congress appropriated funds to HUD for families displaced by the hurricane, it was the PHAs that ultimately administered the vouchers through the Disaster Voucher Program ("DVP"). *Id.* The DVP ended in 2009. *Id.* at 3.

Ms. Grier filed suit against HUD, Elkton Housing Authority, and Dallas Housing Authority, alleging that the negligence of these entities and their employees caused her to be homeless for the last 17 years. Am. Compl. 4. Ms. Grier appears to assert violations of the FTCA and 42 U.S.C. § 1983 for a "willful failure" of HUD and the PHAs to perform their duty and provide her with housing. *Id.* at 2. She also alleges violations of 17 different executive orders, state codes, and federal laws. *Id.* at 11-12. Ms. Grier requests a total of $1,017,760.00 in damages. *Id.* at 12.

HUD filed a Motion to Dismiss Ms. Grier's suit on three bases. First, HUD argues that under Federal Rule of Civil Procedure 12(b)(6), Ms. Grier fails to state a claim because she fails to sufficiently allege wrongdoing by HUD and the actions of the remaining defendants cannot be imputed to HUD. Mot. 3. Second, under Federal Rule of Civil Procedure 12(b)(1), suits are subject to dismissal when the court lacks subject matter jurisdiction, and courts lack subject matter jurisdiction over claims against the federal government where, as here, the government has not

consented to the suit and no waiver of sovereign immunity is present. *Id.* at 4. And third, Ms. Grier's claims are time barred by the statute of limitations – in every civil action against the United States, the complaint must be filed within six years after the right of action first accrues. *Id.* at 6-7. *See also* 28 U.S.C. § 2401.

To refute HUD's first argument that she fails to state a claim, Ms. Grier asserts that "[t]here is a sense of negligence in the handling of the housing application[.]" Resp. 2. She also argues that there is a relationship between HUD and the PHAs because HUD is the regulating body with the right to direct or control the conduct of the external housing authority officers. *Id.* at 5. As to the sovereign immunity issue, Ms. Grier at first agrees that she has not filed a claim with the relevant agency, *id.* at 2, but then contends in her Amended Complaint that she did file an administrative complaint, Am. Comp. 9. Additionally, Ms. Grier states that the United States has waived sovereign immunity through the FTCA and the Tucker Act. *Id.* at 4. Addressing HUD's last argument regarding the statute of limitations, Ms. Grier contends that her claims are not barred because HUD and PHAs also failed to comply with applicable time limits to award her housing, which is a "direct offense against the presidential order." *Id.* at 2. Furthermore, Ms. Grier states she has had an active application for housing as evidenced by 2010 and 2017 letters from housing authorities. *Id.* at 2-3.

In its reply, HUD reiterates its three arguments regarding Ms. Grier's failure to state a claim, her failure to exhaust administrative remedies, and the applicable statute of limitations. Reply 1.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction, "asserting, in effect, that the plaintiff lacks any

'right to be in the district court at all.'" *Matter of Moore*, 488 F. Supp. 3d, 231, 235 (D. Md. 2020) (quoting *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012)). *See also* Fed. R. Civ. P. 12(b)(1). The plaintiff has the burden of establishing subject-matter jurisdiction, and the district court should only grant defendant's Rule 12(b)(1) motion "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Matter of Moore*, 488 F. Supp. at 235. "In a Rule 12(b)(1) motion, the court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Brooks v. United States*, No. CV AW-10-122, 2010 WL 11692373, at *1 (D. Md. May 12, 2010) (quoting *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003)).

A defendant challenging subject matter jurisdiction may do so in one of two ways, by asserting either: "(1) the complaint fails to allege facts sufficient to establish subject-matter jurisdiction (a 'facial challenge'); or (2) the jurisdictional allegations in the complaint are false (a 'factual challenge')." *Wild v. Gaskins*, 30 F. Supp. 3d 458, 461 (E.D. Va. 2014). HUD does not state in its motion whether it brings a facial or factual challenge. I will construe the motion as a factual challenge because although Ms. Grier initially states in her response to HUD's motion that she did not file a claim with HUD, in her Amended Complaint, she appears to change her mind and assert she did, Am. Compl. 9, which HUD refutes. "A factual challenge requires that the court 'go beyond the allegations of the complaint" and weigh evidence to determine jurisdiction.'" *Id.* (quoting *Lufti v. United States*, 527 F. App'x 236, 241-42 (4th Cir. 2013)). If the jurisdictional allegations are "inextricably intertwined" with facts central to the merits of the case, then the Court should "afford the plaintiff the procedural safeguards—like discovery—that would apply were the plaintiff facing a direct attack on the merits." *Lufti*, 527 F. App'x at 241.

5

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, Civil Action No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

Finally, while courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nevertheless dismiss complaints that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Turner v. Kight*, 192 F. Supp. 2d 391, 398 (D. Md. 2002). A federal court must liberally construe pleadings filed by self-represented litigants to allow them fully to develop potentially meritorious cases. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving

party, particularly when that party is self-represented. *See Scott v. Harris*, 550 U.S. 372, 378 (2007); *Gordon v. Leek*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## DISCUSSION

Liberally construing Ms. Grier's Amended Complaint, it appears that she is attempting to assert claims under the FTCA and 42 U.S.C. § 1983. *See* Am. Compl. 2 (stating that this is a matter of "Federal Tort Claim Act" and citing to § 1983). Ms. Grier also lists seventeen different executive orders, federal laws, and state codes, which she summarily claims were violated. *Id.* at 11.

### I. Failure to Establish Subject Matter Jurisdiction under Federal Rule of Civil Procedure 12(b)(1)

The FTCA waives sovereign immunity for the United States for certain torts committed by federal employees. But a waiver of sovereign immunity does not apply unless a FTCA claim has been presented to and denied by the relevant agency prior to the plaintiff instituting a lawsuit in federal court. *McNeil v. United States*, 508 U.S. 106, 107 (1993) ("The Federal Tort Claims Act (FTCA) provides that 'an action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." (quoting 28 U.S.C. § 2675(a)). *See also Fred D. v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-19-2707, 2020 WL 417480, at *1 (D. Md. Jan. 27, 2020) ("[W]here a plaintiff has failed to exhaust administrative remedies before bringing a claim, the action should be dismissed under Rule 12(b)(1).").

HUD argues that Ms. Grier did not present her claim to the appropriate administrative agency before filing this suit. To support this argument, HUD submitted a Declaration by Derya Samadi, Acting Regional Counsel in the Office of General Counsel for Region I of HUD.[3] Samadi

---

[3] "To determine whether subject-matter jurisdiction exists, the reviewing court may consider evidence outside the pleadings, such as affidavits or depositions, or whatever other evidence has been submitted on the issues." *Wild*, 30 F. Supp. at 461 (internal citations omitted).

7

Decl., ECF No. 16-1. Ms. Samadi is responsible for the review and processing of all tort claims filed with HUD pursuant to the FTCA. *Id.* She conducted a search of her files and did not locate any claims for injury or damages by Ms. Grier. *Id.* Ms. Grier's position is somewhat unclear. In her response to HUD's Motion to Dismiss, she agrees that she has not filed a claim for injury "within in [sic] this jurisdiction" but then asserts she submitted a claim for HUD Regions 3 and 6 (Maryland and Texas). Resp. 2. In her Amended Complaint, Ms. Grier states that an "administrative compliant [sic] was filed with the offices of HUD[.]" Am. Comp. 9. Ms. Grier also argues she was granted the "right to sue" through a March 9, 2021 letter from the Philadelphia Office of Fair Housing and Equal Opportunity.[4] ECF No. 15-2. However, this letter appears to relate to a claim of housing discrimination, not a claim under the FTCA. I find Ms. Grier's claims that she filed an administrative complaint with HUD are not supported by the available evidence, namely Ms. Samadi's declaration. I also note that these jurisdictional facts are not inextricably intertwined with the merits of this case because whether or not Ms. Grier filed an administrative complaint is unrelated to the substance of her claims.

Moreover, Ms. Grier's fleeting mention of the Tucker Act, without explanation of its applicability, does not support a waiver of sovereign immunity. Because Ms. Grier has not satisfied the jurisdictional prerequisite of presenting her claim to the appropriate administrative agency or established any other waiver of sovereign immunity, her FTCA claims must be dismissed under Federal Rule of Civil Procedure Rule 12(b)(1).

---

[4] *See supra* note 3.

## II.     Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6)

### A.     FTCA

As discussed above, this Court does not have subject matter jurisdiction over Ms. Grier's FTCA claims because she has not established that a waiver of sovereign immunity applies. Even if she had shown a waiver applied and the Court had jurisdiction to evaluate the merits of her FTCA claims, I would nevertheless dismiss her FTCA claims for failure to state a claim. Assuming a waiver of sovereign immunity applies, an FTCA claim may be brought (1) "against the United States," (2) "for money damages," (3) "for injury or loss of property, or personal injury or death" (4) "caused by the negligent or wrongful act or omission of any employee of the Government" (5) "while acting within the scope of his office or employment," (6) "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Kerns*, 585 F.3d at 193–94. *See also* 28 U.S.C. § 2674. Therefore, "the substantive law of each state establishes the cause of action." *Greene v. U.S.A.*, No. CV ELH-21-978, 2022 WL 911204, at *9 (D. Md. Mar. 29, 2022).

Ms. Grier asserts generally that "federal employees" acted negligently in failing to "execute or perform an [sic] their duty" which caused her continued homeless status. Am. Comp. 2-4. As to the Dallas Housing Authority, she states that employees of this Housing Authority were intentionally negligent in failing to perform their duty to her in violation of her right to housing. *Id.* at 7. She makes a similar argument regarding Elkton Housing Authority, alleging that "there is a sentiment of negligence" in her relationship with Elkton Housing Authority and that the administration of this location never contacted her "for an [sic] formal interview, training, or to discuss any matters pertaining to her successfully accomplishing her interest in housing." *Id.* at 8. Ms. Grier contends that HUD is implicated in this alleged negligence in two ways. First, she argues

that HUD was directly involved in her "tort injury" as evidenced by her repeated attempts to contact HUD staff and gain access to housing. *Id.* at 9. Second, she asserts that HUD is liable for the actions of Dallas Housing Authority and Elkton Housing Authority employees because HUD is the "regulator and enforcer" of the "guidelines of formal conduct" and "federal law for the Texas and Maryland state housing authorities," so HUD has "direct responsibility and liability" for employees who fail to comply with "directives." *Id.*

Ms. Grier's allegations regarding HUD are conclusory. I cannot discern which HUD employees Ms. Grier believes committed negligent or wrongful acts or even what the specific negligent acts were. The claims against Dallas Housing Authority and Elkton Housing Authority are no more cognizable. Ms. Grier has not shown that employees of Dallas Housing Authority or Elkton Housing Authority would be liable to her for their alleged negligence under either Texas or Maryland law. Under Maryland law, a plaintiff must establish four elements to prove negligence: "(1) a duty owed by the defendant; (2) a breach of that duty by the defendant; (3) a legally cognizable causal relationship between the breach of duty and the harm suffered; and (4) damages." *McKinney v. Fulton Bank*, 776 F. Supp. 2d 97, 104 (D. Md. 2010) (internal quotations omitted). Similarly, under Texas law, a plaintiff must prove three elements to establish negligence: "(1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately caused by the breach." *Gann v. Anheuser-Busch, Inc.*, 394 S.W. 3d 83, 88 (Tex. App. 2012). Ms. Grier's Amended Complaint has failed to plausibly allege the first element under either of these state laws – that Dallas Housing Authority and Elkton Housing Authority employees owed her a legal duty as a housing subsidy program applicant.

Even if Ms. Grier had shown that the Housing Authorities' employees had a legal duty and breached it, the actions of these employees cannot be imputed to HUD. PHAs like Dallas Housing

Authority and Elkton Housing Authority are not HUD's agents. *Capitol Blvd. Partners v. United States*, 31 Fed. Cl. 758, 761 (1994) ("It is well-established that HUD's grant of funds does not establish an agency relationship, even if the local public housing authority is nothing more than a conduit for federal funds."). *See also Marshall N. Dana Const., Inc. v. United States*, 229 Ct. Cl. 862, 864 (1982) ("Because there is no agency relationship between the U.S. and the local authority there is no vicarious liability of the defendant for acts of the local body against the contractor."). Ms. Grier cites to *Meyer v. Holley* in support of her argument that the Housing Authorities are agents of HUD and HUD is therefore liable for the actions of their employees. Am. Compl. 5. In that case, the Supreme Court held that the Federal Housing Act imposes personal liability upon an officer or agent of a residential real estate corporation for the unlawful activity of the corporation's employee or agent. *Meyer v. Holley*, 537 U.S. 280, 283 (2003). The Supreme Court did not apply this holding to, or even mention, the relationship between HUD and PHAs. *See id.* Even viewing the facts and reasonable inferences in the light most favorable to Ms. Grier, she has failed to allege sufficient facts to establish a plausible FTCA claim.

    **B.**    **42 U.S.C. § 1983**

A plaintiff may bring a suit under § 1983 for damages or equitable relief to remedy "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' by a 'person' acting 'under color' of state law." *Rivero v. Montgomery County, Maryland*, 259 F. Supp. 3d 334, 345 (D. Md. 2017) (quoting 42 U.S.C. § 1983). Two allegations are required to state a claim under this statute: (1) the plaintiff was deprived of a right secured by the Constitution or the laws of the United States; and (2) the alleged deprivation was committed under the color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Cases construing § 1983 claims have treated "under the color" of law as equivalent to the "state action" requirement under

the Fourteenth Amendment. *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341 (4th Cir. 2000). State action exists where the alleged constitutional deprivation is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible" and where the party charged with the deprivation is "a person who may fairly be said to be a state actor." *American Mfrs. Mut. Ins. Co.*, 526 U.S. at 50.

It is not clear what recognized federal right or privilege Ms. Grier believes she has been deprived of or who deprived her of this undetermined right. Courts in this and other circuits have found that Section 8 participants can bring suit under § 1983 to challenge certain actions by PHAs, but as Ms. Grier has emphasized, she never became a Section 8 or DVP participant. *See Daniels v. Housing Authority of Prince George's County*, 940 F. Supp. 2d 248, 259-262 (D. Md. 2013) (explaining that courts have held public housing tenants and Section 8 tenants can bring suit pursuant § 1983 to challenge local housing authorities' utility allowances calculations). And, as a mere PHA applicant, Ms. Grier does not have any right or entitlement to housing subsidy programs, to be listed on PHA waiting lists, or to any particular position on the waiting lists. 24 C.F.R. § 982.202(c); Mot. 2. Ms. Grier does vaguely reference a "protected class" made up of native New Orleanians that she claims "were less likely to be disproportionately affected" than her. Am. Compl. 6. However, without more, this allegation does not state a claim for any kind of discrimination or for violation of the Equal Protection Clause. *But see White v. City of Annapolis by and through City Council*, 439 F. Supp. 3d 522, 539-40 (D. Md. 2020) (denying defendants' motion to dismiss plaintiffs' § 1983 claim that certain city policies disproportionately affected African Americans residing in Housing Authority of the City of Annapolis's public housing properties in violation of the Equal Protection Clause). Because Ms. Grier has not clearly set forth

the two allegations required to state a claim under § 1983, this claim must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### C. Miscellaneous Executive Orders, Federal Laws, and State Codes

Ms. Grier also asserts violations of various executive orders, state codes, and federal laws. Am. Comp. 11-12. Ms. Grier does not plead any facts about who committed these violations or even what exactly the violations were. The "[p]rinciples requiring generous construction of *pro se* complaints are not … without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). District court judges are not mind readers and cannot be expected "to conjure up questions never squarely presented to them." *Id.* Even viewing the facts and reasonable inferences in the light most favorable to Ms. Grier, she has failed to state a plausible claim for violations of the executive orders, state codes, and federal laws listed on pages 11 and 12 of her Amended Complaint and therefore these claims must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### III. Time Barred Claims under the Statute of Limitations

The statute of limitations is an affirmative defense usually raised in a pleading under Federal Rule of Civil Procedure 8(c). However, dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) may nevertheless be proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Sewell v. Strayer Univ.*, 956 F. Supp. 2d. 658, 667 (D. Md. 2013). Here, HUD argues that Ms. Grier's suit should be dismissed because her claims are time barred. Every civil suit brought against the United States shall be barred "unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). A tort claim accrues when "the plaintiff possesses 'the critical facts that he has been hurt and who has inflicted the injury.'" *United States Tobacco Coop. v. United States*, No. 5:18-CV-473-BO,

2019 WL 3729791, at *2 (E.D.N.C. Aug. 7, 2019) (quoting *United States v. Kubrick,* 444 U.S. 111, 122 (1979)). The statute of limitations may be equitably tolled when the plaintiff establishes that (1) he or she has been pursuing their rights diligently, and (2) that extraordinary circumstances stood in their way and prevented the filing of the suit. *Battle v. Ledford*, 912 F.3d 708, 718 (4th Cir. 2019).

Section 1983 does not include a statute of limitations, so courts borrow the statute of limitations from the most analogous state law in the forum state, in this case, Maryland state law governing personal-injury lawsuits. *Kathryn A. Nuzback Revocable Tr. v. Prince George's Cnty.*, No. CV GLS-21-579, 2022 WL 4290578, at *8 (D. Md. Sept. 16, 2022); 42 U.S.C. § 1988(a). In Maryland, plaintiffs have three years to file a personal injury claim. *Kathryn A. Nuzback Revocable Tr.*, 2022 WL 4290578, at *8. Federal law controls when the statute of limitations begins to run: "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Howell v. Cnty. Comm'n of Hampshire Cnty.*, No. 21-1023, 2022 WL 61428, at *1 (4th Cir. Jan. 6, 2022). The statute of limitations may be tolled in rare circumstances when a plaintiff was prevented from asserting his or her claims "by some kind of wrongful conduct on the part of the defendant" and when extraordinary circumstances make it impossible for the plaintiff to file the claims on time. *Boyce v. City of Baltimore*, No. CV ELH-17-3472, 2018 WL 3818802, at *4 (D. Md. Aug. 9, 2018).

Ms. Grier's allegations regarding HUD's purported negligence and discrimination are vague, but they appear to relate to the programs administered by HUD following Hurricane Katrina, KDHAP and DVP. KDHAP ended in 2006 and DVP ended in 2009.[5] Mot. 7. *See also*

---

[5] I may take judicial notice pursuant to Fed. R. Evid. 201(b) of matters of public record when reviewing a Rule 12(b)(6) motion for dismissal. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572

14

U.S. Dep't of Housing and Urban Dev. Office of Pub. and Indian Housing, Extension of the Disaster Voucher Program (DVP), Notice PIH 2009-8 (HA) (Feb. 24, 2009), https://www.hud.gov/sites/documents/DOC_9021.PDF; U.S. Dep't of Housing and Urban Dev. Office of Pub. and Indian Housing, Disaster Voucher Program (DVP) Operating Requirements – Rental Assistance for HUD-Assisted Families and Special Needs Families Displaced by Hurricanes Katrina and Rita, Notice PIH 2006-12 (Feb. 3, 2006), https://www.hud.gov/sites/documents/DOC_9052.PDF. Thus, to the extent that Ms. Grier's claims stem from HUD's administration of these programs, the statute of limitations has since expired for both § 1983 and FTCA claims because more than six years has passed since these programs ended and any injury could have resulted. Furthermore, Ms. Grier has not established that the statute of limitations should be equitably tolled. Equitable tolling is an extraordinary remedy that federal courts have applied sparingly. *Greene v. U.S.A.*, No. CV ELH-21-978, 2022 WL 911204, at *10 (D. Md. Mar. 29, 2022). Ms. Grier asserts that from 2005 to 2009 she had a "repeated physical presence within the office for status updates, calls, or letters requesting information of application progress." Am. Comp. 11. Despite this "presence," it does not appear that Ms. Grier otherwise pursued her rights by filing a claim with the appropriate administrative agency, nor are there any facts to support a claim that HUD engaged in wrongful conduct to prevent Ms. Grier from bringing her claims. Ms. Grier also has not shown that any extraordinary circumstances prevented her from filing a timely suit.

---

F.3d 176, 180 (4th Cir. 2009). *See also Hall v. Virginia*, 385 F.3d 421, 424 n. 3 (4th Cir. 2004) (taking judicial notice of information publicly available on a government website).

## CONCLUSION

"A district court may dismiss a complaint with prejudice when 'it is clear that amendment would be futile in light of the fundamental deficiencies in plaintiff[']s[] theory of liability.'" *Brown v. U.S. Dep't of Just.*, No. CV PJM 16-3541, 2017 WL 3149796, at *5 (D. Md. July 25, 2017), *aff'd as modified sub nom. Brown v. United States Dep't of Just.*, 710 F. App'x 130 (4th Cir. 2018) (quoting *Cozzarelli v. Inspire Pharm. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008)). Ms. Grier has already had the opportunity to amend her complaint to address the numerous deficiencies outlined in HUD's Motion to Dismiss, and, as detailed above, she has been unable to successfully do so. Therefore, I will GRANT HUD's Motion to Dismiss and dismiss with prejudice Ms. Grier's 42 U.S.C. § 1983 claim and the claims of violations of the miscellaneous executive orders, state codes and federal laws listed on pages 11 and 12 of her Amended Complaint. I will dismiss Ms. Grier's FTCA claims without prejudice because although the deficiencies in her FTCA claims cannot be cured through additional amendments, "a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC,* 713 F.3d 175, 185 (4th Cir. 2013).

**ORDER**

For the reasons stated in this Memorandum and Order, it is this 1st day of November 2022, hereby ORDERED that:

1. HUD's Motion to Dismiss, ECF No. 16, is GRANTED;

2. Plaintiff's FTCA claims as to HUD are DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's remaining claims at to HUD, including the 42 U.S.C. § 1983 claim and the claims of violations of miscellaneous executive orders, state codes and federal laws, are DIMISSED WITH PREJUDICE.

Date:   November 1, 2022                                   _____/S/_____
                                                          Paul W. Grimm
                                                          United States District Judge