**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| | * |
| **DAUNDRA GRIER,** | |
| | * |
| **Plaintiff,** | |
| | * |
| **v.** | **Case No.: PWG 21-cv-2165** |
| | * |
| **UNITED STATES DEP'T OF HOUSING** | |
| **AND URBAN DEVELOPMENT,** *et al.*, | |
| | * |
| **Defendants.** | |
| | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Daundra Grier filed suit against the United States Department of Housing and Urban Development ("HUD"), the Housing Authority of Elkton, Maryland ("Elkton Housing Authority" or "EHA"), and the Housing Authority of Dallas, Texas ("Dallas Housing Authority") for civil rights violations, violations of the Federal Tort Claims Act ("FTCA"), and violations of miscellaneous executive orders, federal laws, and state codes allegedly committed in the wake of Hurricane Katrina. Compl., ECF No. 1; Am. Compl., ECF No. 28. EHA filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and/or a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). Mot., ECF Nos. 30, 30-1. Ms. Grier responded in opposition, Resp., ECF No. 32, and EHA replied, Reply, ECF No. 35. I have reviewed the filings[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, EHA's Motion to Dismiss is GRANTED.

---

[1]     Mot., ECF Nos. 30, 30-1; Resp., ECF No. 32; Reply, ECF No. 35.

**BACKGROUND**

On November 1, 2022, I issued my Memorandum Opinion and Order granting HUD's Motion to Dismiss. Mem. Op., ECF No. 46. HUD's Motion and EHA's Motion make similar arguments regarding the deficiencies in Ms. Grier's Amended Complaint. To avoid repeating myself, I will incorporate by reference the facts and analysis from my Memorandum Opinion that are also relevant to EHA's Motion. Here, I incorporate the background facts as set out in my Memorandum Opinion. Mem. Op. 2-3.

Ms. Grier alleges that EHA violated the Federal Tort Claims Act ("FTCA"), asserting that there was a "sentiment of negligence" in her relationship with EHA and that the administration of EHA never contacted her "for an formal [sic] interview, training or to discuss any matters pertaining to her successfully accomplishing her interest in housing." Am. Compl. 8. She also alleges violations of 42 U.S.C. § 1983, "an Executive Order, Fair Housing Act, the Stafford Act and other MD codes[,]" and numerous miscellaneous state codes and federal laws. *Id. See also id.* at 2-4, 10, 11-12. Ms. Grier contends that EHA's inaction and "failure to perform" caused her to "remain with a local winter shelter and homeless there after [sic]." *Id.* at 8. She requests a total of $1,017,760.00 in damages, including $700,000 in "special punitive damages." *Id.* at 12.

EHA makes many different arguments to rebut these claims. EHA first argues that Ms. Grier's claims are time barred by Maryland's general three-year statute of limitations. Mot. 7. EHA then argues that Ms. Grier failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) for violations of the Fair Housing Act ("FHA") and 42 U.S.C. § 1983. *Id.* at 10-14. EHA also asserts that Ms. Grier failed to state a claim under Maryland law because she failed to provide the required timely notice under the Local Government Tort Claims Act. *Id.* at 14-16. Finally, EHA

takes issue with Ms. Grier's claim for punitive damages, arguing that ordering punitive damages against EHA would be contrary to the public interest and the law. *Id.* at 16.

In her response in opposition,[2] Ms. Grier agrees that Maryland has a three-year statute of limitations but contends that the "Discovery of Harm" rule provides an exception. Resp. 2. She then reiterates her claims that EHA has been negligent "relative to the regulation of HUD through it's [sic] Housing Handbook rules" and through its "failure to recognize the emergency" and "uphold it's [sic] contractual relationship with HUD." *Id.*   at 2. Ms. Grier asserts that any "[u]nsupported factual allegations can be supported through clear answers to the interrogatory's [sic] submitted to court and hence counsel for EHA to answer."[3] *Id.* She adds that HUD has given permission for this suit and the United States has waived sovereign immunity through the FTCA and the Tucker Act. *Id.* at 3.

EHA's reply reiterates its arguments that Ms. Grier's claims are time barred, she fails to state a claim under any law, and she has no right to punitive damages. *See generally* Reply.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, Civil Action No.

---

[2]     Ms. Grier also filed a supplement to her response to EHA's Motion to Dismiss. She titled the supplement "Plaintiff's Opposition to Defendants' Motion for Summary Judgment." ECF No. 34. Ms. Grier did not request permission to supplement her response, nor does it appear that any of the Defendants filed a motion for summary judgment, so this filing is stricken.

[3]     Ms. Grier attached interrogatories to her response to EHA's Motion to Dismiss. *See* ECF No. 32-1. These interrogatories are stricken for two reasons. First, under Local Rule 104.5, discovery materials are not to be filed with the Court. Loc. R. 104.5 (D. Md. 2021). Second, Ms. Grier is not entitled to discovery at this time because a complaint must meet the requirements of Federal Rule of Civil Procedure 8 before a plaintiff can proceed to discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").

RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

While courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nevertheless dismiss complaints that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Turner v. Kight*, 192 F. Supp. 2d 391, 398 (D. Md. 2002). A federal court must liberally construe pleadings filed by self-represented litigants to allow them fully to develop potentially meritorious cases. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party, particularly when that party is self-represented. *See Scott v. Harris*, 550 U.S. 372, 378 (2007); *Gordon v. Leek*, 574 F.2d 1147, 1151 (4th Cir. 1978).

**DISCUSSION**

In my Memorandum Opinion granting HUD's Motion to Dismiss, I held that Ms. Grier failed to state a claim under Rule 12(b)(6) for violations of the FTCA, 42 U.S.C. § 1983, and the miscellaneous executive orders, state codes, and federal laws listed on pages 11 and 12 of her Amended Complaint. I incorporate here my ruling on these claims. Thus, for the reasons stated in my Memorandum Opinion, Ms. Grier's claims under the FTCA, § 1983, and the miscellaneous executive orders, state codes, and federal laws, to the extent applicable to EHA, are dismissed.[4] Mem. Op. 9-13.

As to Ms. Grier's additional allegations against EHA for violations of "an Executive Order, Fair Housing Act, the Stafford Act and other MD Codes," I find that she has again failed to state a claim under Rule 12(b)(6). Furthermore, I find that Ms. Grier's claims are time barred. Because Ms. Grier has not plausibly alleged any claim upon which damages could be awarded, I need not reach EHA's argument regarding punitive damages.

**I.      Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6)**

**A.      Executive Order**

Ms. Grier does not state which Executive Order she believes EHA violated, but in other sections of her Amended Complaint, she references Executive Order 13891 so presumably Executive Order 13891 is the Order she is contending EHA ignored. *Id.* at 3, 11. Executive Order 13891 is titled "Promoting the Rule of Law Through Improved Agency Guidance Documents" and was issued "to ensure that Americans are subject to only those binding rules imposed through duly enacted statutes or through regulations lawfully promulgated under them, and that Americans have

---

[4]      Additionally, the FTCA only provides for recovery against the United States. EHA, "a local independent government" organized under the laws of Maryland, is therefore not a proper defendant in an FTCA suit. *See* 28 U.S.C. §§ 2671, 2675; Mot. 13.

fair notice of their obligations[.]" Exec. Order No. 13,891, 84 Fed. Reg. 55,235 (Oct. 9, 2019). Ms. Grier does not explain how this Executive Order is relevant to her situation, let alone plead any facts about how EHA violated it. As I explained in my Memorandum Opinion on HUD's Motion to Dismiss, the "[p]rinciples requiring generous construction of *pro se* complaints are not … without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); Mem. Op. 13. Even viewing the facts and reasonable inferences in the light most favorable to Ms. Grier, she has failed to state a plausible claim for violation of Executive Order 13891.

### B.     Fair Housing Act

A plaintiff may bring a cause of action under the FHA alleging a disparate treatment theory or a disparate impact theory. *Lundregan v. Hous. Opportunities Comm'n*, No. CV PJM 19-1369, 2020 WL 2218928, at *2 (D. Md. May 7, 2020). *See* 42 U.S.C. § 3604. The plaintiff is not required to elect which theory the claim relies on at the pre-trial, trial, or even appellate stage, but, nonetheless, the plaintiff must sufficiently plead one of these theories to withstand a motion to dismiss. *See White v. City of Annapolis by & through City Council*, 439 F. Supp. 3d 522, 537 (D. Md. 2020). To survive a motion to dismiss on a disparate impact theory, a plaintiff must show a "robust causal connection" between the defendant's conduct and "the disparate impact on the protected class." *Id. See also CASA de Maryland, Inc. v. Arbor Realty Tr., Inc.*, No. CV DKC 21-1778, 2022 WL 4080320, at *8 (D. Md. Sept. 6, 2022) ("To state an FHA claim under a disparate-impact theory of liability, the plaintiff is required to demonstrate that the challenged practices have a 'disproportionately adverse effect on minorities' and are otherwise unjustified by a legitimate rationale.'" (quoting *Texas Dep't of Hous. & Cmty. Affs. v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 524 (2015)). Under a disparate treatment theory, a plaintiff must demonstrate that they are a member of a protected class, were treated differently from others, and "that the defendant had a discriminatory intent or motive[.]" *Id. See also Adams v. Cameron*, No. CV TDC-20-3739,

2021 WL 5280978, at *4 (D. Md. Nov. 12, 2021) ("Under the FHA, it is unlawful to 'discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.'" (quoting 42 U.S.C. § 3604(b))).

Ms. Grier has failed to state a claim under either the disparate impact theory or the disparate treatment theory. She vaguely references a "protected class" of "native New Orleanians" who "were less likely to be disproportionately affected than" her, Am. Compl. 6,[5] but native New Orleanian is not a recognized protected class under the FHA. *See* 42 U.S.C. § 3604. Furthermore, Ms. Grier does not allege any specific conduct on behalf of EHA that disparately impacted this group of people, nor does she describe a discriminatory intent or motive held by EHA that led it to treat this group differently from others. Ms. Grier only asserts that EHA failed to provide her with certain services, including housing. *See* Am. Comp. 8-9. Without more, Ms. Grier's claims for violations of the FHA must be dismissed in accordance with Rule 12(b)(6).

### C.      The Robert T. Stafford Disaster Relief and Emergency Assistance Act

The Robert T. Stafford Disaster Relief and Emergency Assistance Act (the "Stafford Act") establishes a process for the federal government to declare disasters, determine the appropriate level of response, and divide up costs among federal, state, and local governments. *See generally* 42 U.S.C. § 5121 *et seq.* Ms. Grier cites to two sections of the Stafford Act: Section 308, Nondiscrimination in Disaster Assistance, and Section 310, Priority to Certain Applications for Public Facility and Public Housing Assistance. *Id.* at §§ 5151, 5153; Am. Compl. 7. Section 308 provides that the President shall issue regulations to guide those carrying out federal assistance at

---

[5]      I note that this argument regarding native New Orleanians is asserted in the section of the Amended Complaint pertaining to Dallas Housing Authority's negligence. *See* Am. Compl. 6. Thus, it is not clear that Ms. Grier means to make this argument as to EHA.

the site of major disasters and that these regulations must include provisions ensuring that relief is distributed in an equitable manner "without discrimination on the grounds of race, color, religion, nationality, sex, age, disability, English proficiency, or economic status." *Id.* at § 5151. Section 310 states that in processing applications for assistance, priority consideration shall be given "to applications from public bodies situated in areas affected by major disasters[.]" *Id.* at § 5153.

Ms. Grier claims that there is an "implication of negligence and plausible discrimination" regarding housing assistance, but she does not actually allege any specific facts demonstrating that discrimination against a protected group occurred or that priority consideration was not given to applications from public bodies in the areas affected by Hurricane Katrina. Am. Compl. 7. Even if Ms. Grier had set out facts relevant to either Section 308 or Section 310, Section 305 of the Stafford Act specifically disclaims liability for the federal government "for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this Act." 42 U.S.C. § 5148. Thus, Ms. Grier has not, and cannot, state a claim for violations of the Stafford Act.

### D.    Maryland Code

Ms. Grier asserts that EHA ignored the requirements of "MD Codes," which led to her continued homeless status. Am. Compl. 8. Ms. Grier does not specify which provisions of the Maryland Code she thinks EHA ignored, but in another section of her Amended Complaint she cites to "MD. Code ANN., CTS & JUD. PROC. 4-401 (2014) Willful and Wanton Conduct" so presumably this is the code provision she believes EHA violated. *Id.* at 11. As EHA points out in its Motion to Dismiss, Md. Code Ann. 4-401 is titled "Exclusive original jurisdiction" and does not mention willful or wanton conduct. Mot. 14. It is therefore not clear which code section Ms. Grier intended to cite. Because district court judges are not mind readers and cannot be expected

"to conjure up questions never squarely presented to them[,]" I find Ms. Grier has failed to state a claim under Rule 12(b)(6) for violation of Maryland Code.[6] *Beaudett*, 775 F.2d at 1278.

## II.      Time Barred Claims under the Statute of Limitations

For the reasons stated in my Memorandum Opinion, Ms. Grier's claims under the FTCA and 42 U.S.C. § 1983, to the extent applicable to EHA, are time barred. Mem. Op. 13-15. Ms. Grier's additional claims against EHA also are time barred. The FHA requires that a person file suit not later than two years after the alleged discriminatory housing practice. 42 U.S.C. § 3613(a)(1)(A). Ms. Grier's claims under the FHA are vague and she does not provide a specific time frame for when the alleged violations occurred, but she does repeatedly mention the years 2010 and 2017. Am. Compl. 10, 11. Since Ms. Grier did not file her suit until 2021, any claims related to events that occurred in 2010 and 2017 are not within the FHA's statute of limitations. Ms. Grier's claims regarding violations of Maryland Code are similarly vague but again it seems 2010 and 2017 are relevant years. Generally, civil actions brought under Maryland Code must be filed within three years from the date the action accrues. MD. CODE ANN. § 5-501. "An action typically accrues in Maryland at the time of the wrong, unless a judicial or legislative exception provides otherwise." *Baltimore Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 588 (D. Md. 2019), *as amended* (June 17, 2019). Accordingly, Ms. Grier's claims stemming from events in 2010 and 2017 are outside the Maryland Code statute of limitations.

Ms. Grier tries to invoke Maryland's discovery rule to support her argument that her claims are not time barred. The discovery rule balances "principles of fairness and judicial economy in those situations in which a diligent plaintiff may be unaware of an injury or harm during the

---

[6]      EHA argues that Ms. Grier's clams also require dismissal based on her failure to satisfy a condition precedent to suit – the failure to comply with the notice requirement of the Local Government Tort Claims Act. Because I have already found that Ms. Grier failed to state a claim under Rule 12(b)(6), I need not consider this additional basis for dismissal.

statutory period." *Id.* at 589. Under this rule, a plaintiff's cause of action only begins to accrue once "the plaintiff knows or reasonably should have known of the wrong[,]" meaning the plaintiff "possesses facts sufficient to cause a reasonable person to investigate further, and ... a diligent investigation would have revealed that the plaintiffs were victims of ... the alleged tort." *Id.* (internal quotations omitted). It is difficult to discern Ms. Grier's arguments about how this rule applies to her situation. She does not appear to assert that she was ever unaware of an injury or harm, rather, her Amended Complaint seems to state the exact opposite – that she knowingly has endured harm since Hurricane Katrina in 2005.

Nor are Ms. Grier's claims saved by any other tolling doctrine such as the continuing harm doctrine. Under the continuing harm doctrine, the statute of limitations starts again after each new wrong or harm is committed. *McCray v. Hous. Auth. of Baltimore City*, No. CV RDB-18-2271, 2019 WL 4120750, at *5 (D. Md. Aug. 29, 2019). "[B]are assertions that there is a continued course of conduct among [Defendants] is not enough to toll the statute of limitations under the continuing harm theory[,]" the plaintiff must show that there were new tortious acts, not simply continued ill effects from the first tortious act. *Id.* Even if I construed Ms. Grier's allegations to state that the first tortious act occurred in 2005 with HUD, EHA, and Dallas Housing Authority's failure to approve her application for emergency housing, and subsequent tortious acts were committed by EHA in 2010 and 2017, the statute of limitations would still have run on the last alleged tortious act in 2017. *See* Am. Compl. 10 (discussing her 2005 application and a failure by EHA to successfully contact her in 2010 and 2017 with a housing choice).

## CONCLUSION

"A district court may dismiss a complaint with prejudice when 'it is clear that amendment would be futile in light of the fundamental deficiencies in plaintiff[']s[] theory of

liability.'" *Brown v. U.S. Dep't of Just.*, No. CV PJM 16-3541, 2017 WL 3149796, at *5 (D. Md. July 25, 2017), *aff'd as modified sub nom. Brown v. United States Dep't of Just.*, 710 F. App'x 130 (4th Cir. 2018) (quoting *Cozzarelli v. Inspire Pharm. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008)). On December 13, 2021, I issued a letter order giving Ms. Grier an opportunity to respond to deficiencies noted by HUD in its pre-motion to dismiss letter, ECF No. 10, by filing an amended complaint by January 14, 2022. ECF No. 11. Ms. Grier did not file an amended complaint by the deadline, although she did file a document that was docketed as a supplement to her original complaint. ECF No. 15. On February 24, 2022, I issued another letter order giving Ms. Grier a second opportunity to amend her complaint in response to the deficiencies noted by HUD in its Motion to Dismiss, ECF No. 16, and EHA in is pre-motion to dismiss letter, ECF No. 20. ECF No. 25. This time Ms. Grier complied with the letter order and filed her Amended Complaint by the March 14, 2022 deadline. ECF No. 28. Thus, Ms. Grier has already had the opportunity to amend her complaint, and, as detailed above, she has been unable to successfully do so. Therefore, I will GRANT EHA's Motion to Dismiss and dismiss with prejudice Ms. Grier's claims against EHA.

**ORDER**

For the reasons stated in this Memorandum and Order, it is this 14th day of November 2022, hereby ORDERED that:

1. EHA's Motion to Dismiss, ECF Nos. 30, 30-1, is GRANTED;

2. Plaintiff's claims as to EHA are DISMISSED WITH PREJUDICE.


Date:   November 14, 2022                    _____/S/_____
                                             Paul W. Grimm
                                             United States District Judge