IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| DAUNDRA GRIER, | * |
| Plaintiff, | * |
| v. | * Case No.: PWG 21-cv-2165 |
|  | * |
| UNITED STATES DEP'T OF HOUSING AND URBAN DEVELOPMENT, *et al.*, | * |
| Defendants. | * |
|  | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Daundra Grier filed suit on August 23, 2021 against the United States Department of Housing and Urban Development ("HUD"), the Housing Authority of Elkton, Maryland ("Elkton Housing Authority" or "EHA"), and the Housing Authority of Dallas, Texas ("Dallas Housing Authority") for civil rights violations and violations of the Federal Tort Claims Act ("FTCA") allegedly committed in the wake of Hurricane Katrina. Compl., ECF No. 1. Pursuant to the Court's Letter Order, ECF No. 25, Ms. Grier filed an Amended Complaint on March 14, 2022, Am. Compl., ECF No. 28. On November 14, 2022, I issued an Order to Show Cause by November 28, 2022 why Ms. Grier's claims against Dallas Housing Authority should not be dismissed for failure to effect timely service. Show Cause Order, ECF No. 47. Ms. Grier filed a response on November 21, 2022. Resp., ECF No. 49. For the reasons stated below, Ms. Grier's request to attempt additional service is denied and the Amended Complaint as to Dallas Housing Authority is dismissed without prejudice.

**BACKGROUND**

On September 15, 2021, the Clerk of the Court issued summons to HUD, EHA, and Dallas Housing Authority. ECF No. 6. Summons were returned executed for HUD and EHA and Ms. Grier filed the returns with the Court on October 4, 2021, ECF No. 7, and October 5, 2021, ECF No. 8. Both docket entries for these returns reflect a date for the served defendants to answer the Complaint.[1] ECF Nos. 7, 8. On December 16, 2021, Ms. Grier filed the receipt for service on Dallas Housing Authority. ECF No. 13. The receipt indicated that Dallas Housing Authority had not been successfully served; the U.S. Marshalls checked the box on the receipt stating, "I hereby certify and return that I am unable to locate the individual, company, corporation, etc. shown at the address below[,]" and the remarks section noted that "[a]fter 90 days no green card with signature has been returned." *Id.* The docket entry for the receipt did not include a date for Dallas Housing Authority to answer the Complaint. *Id.* Ms. Grier did not make any further attempts to serve Dallas Housing Authority and far more than ninety days have now passed since the August 23, 2021 filing of Ms. Grier's Complaint and the March 14, 2022 filing of her Amended Complaint.

In her response to the Order to Show Cause, Ms. Grier states that a service certificate for Dallas Housing Authority was filed at ECF No. 13. Resp. 1. Ms. Grier then claims "no fault" on her failure to serve as she "understood a means of electronic service onto the documented legal representatives of this defendant." *Id.* Additionally, she argues "that the Attorney General of the United States also dually assumes responsibility for all documents and matters for this agency relative to the TORT claim and as suggested via Texa's [sic] state law Sec. 104.004, Sec. 104.005, Sec. 104.0035 under Title 5. Governmental Liability, Chapter 104, as they must make notice to

---

[1] Both HUD and EHA subsequently filed Motions to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), ECF Nos. 16, 30, which I granted. ECF Nos. 46, 48.

the Attorney General for all aspect of this matter." *Id.* at 1-2. She concludes her response by requesting that the Court not dismiss the action and allow her to attempt service again. *Id.* at 2.

## DISCUSSION

It is the responsibility of represented and *pro se* plaintiffs alike to timely effect service upon all defendants under federal and local rule service requirements. See Fed. R. Civ. P. 4(m); Loc. R. 103.8 (D. Md. 2021); *Chrisp v. Univ. of N. Carolina-Chapel Hill*, 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020) (holding that a *pro se* plaintiff is subject to the same service requirements of the Federal Rules of Civil Procedure as a represented plaintiff); *McCreary v. Vaughan-Bassett Furniture Co.*, 412 F. Supp. 2d 535, 538–39 (M.D.N.C. 2005), *report and recommendation adopted* (Jan. 26, 2006) (explaining that while the court should afford some leniency to *pro se* plaintiffs, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored."). If a defendant has not been served within ninety days after a complaint is filed, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for failure to serve, then the Court must extend the time for service. *Id.* "'Good cause' requires a 'showing of diligence on the part of the plaintiff[].'" *Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022) (quoting *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019)). Good cause is a flexible standard and courts have found it to exist "when the failure of service is due to external factors, such as the defendant's intentional evasion of service[.]" *Id. See also Robinson v. G D C, Inc.*, 193 F. Supp. 3d 577, 580 (E.D. Va. 2016) (describing other factors courts may consider in evaluating good cause: "(i) the possibility of prejudice to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before

3

the deadline, (v) the plaintiff's good faith, (vi) the plaintiff's *pro se* status, (vii) any prejudice to the plaintiff, such as by operation of statutes of limitation that may bar refiling, and (viii) whether time has previously been extended."). However, "significant periods of inactivity" and a "fail[ure] to seek extension of time before [the] deadline [has] lapsed" tend to undercut any claim of good cause. *Id.* If good cause is not shown, the Court may still choose to extend the time for service but is not required to do so. *Davis v. Univ. of N. Carolina at Greensboro*, No. 1:19CV661, 2022 WL 3586093, at *4 (M.D.N.C. Aug. 22, 2022).

The Fourth Circuit, along with several of its sister circuits, has held that "when a plaintiff in an *in forma pauperis* action [] provides the Marshals with the correct information to serve the defendant, a subsequent failure to effect service upon that defendant constitutes 'good cause' for an extension." *Brooks v. Johnson*, 924 F.3d 104, 120–21 (4th Cir. 2019). *See also Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1287 (11th Cir. 2009). Specifically, in *Brooks*, the Fourth Circuit found that the plaintiff, who was proceeding *in forma pauperis*, had established good cause for failure to effect timely service when he had made multiple attempts to advise the Marshals and the district court of the defendant's service information. *Brooks*, 924 F.3d at 121. *See also McCreary*, 412 F. Supp. at 538–39 (finding that although service was not properly effected, dismissal was not appropriate because the plaintiff had provided the necessary information to the U.S. Marshal to facilitate service).

Here, Ms. Grier has not established good cause for failure to serve Dallas Housing Authority because she has not demonstrated diligence in attempting to effectuate service. Like the plaintiff in *Brooks*, Ms. Grier is proceeding *in forma pauperis*, but unlike in *Brooks*, Ms. Grier did not make multiple attempts to serve the Dallas Housing Authority. *See Brooks*, 924 F.3d at 121. Ms. Grier points to the document filed at ECF No. 13 as evidence of service, but as discussed

above, this document shows that service was *not* successfully completed. Ms. Grier did not make any further attempts to serve Dallas Housing Authority – she did not timely reach out to the Court or the Marshals to provide additional addresses at which to attempt service nor did she take any other affirmative steps to ensure Dallas Housing Authority was made aware of the suit. Furthermore, Ms. Grier never sought an extension of time prior to the ninety-day service deadline, and it was only upon the Court's prompting that she has now sought additional time to effect service.

Ms. Grier's other arguments in her response to the Order to Show Cause also do not establish good cause. Ms. Grier's assertion that Dallas Housing Authority was served via "electronic service onto the documented legal representatives" is unsupported. Resp. 1. There is no indication that Dallas Housing Authority was ever made aware of this suit by electronic means or otherwise. Ms. Grier's argument that the Attorney General of the United States assumes responsibility for all documents and matters for Dallas Housing Authority is similarly unfounded. *Id.* at 1-2. As explained in EHA and HUD's Motions to Dismiss, ECF No. 30-1 at 13, and ECF No. 16 at 2, 3-4, respectively, and in my opinions granting the Motions to Dismiss, ECF No. 48 at 5 and ECF No. 46 at 10-11, respectively, Public Housing Authorities are not agents of HUD or the U.S. Government. Thus, Ms. Grier has no basis for her assertion that Attorney General was responsible for Dallas Housing Authority.

Moreover, Ms. Grier was able to successfully serve both EHA and HUD via certified mail. She received the process receipts indicating that service was completed on HUD and EHA and filed these receipts and the signed green cards with the Court. *See* ECF Nos. 7, 8. Ms. Grier therefore should have known that she had not successfully served Dallas Housing Authority when

she did not receive the signed green card back and the process receipt was marked as unable to serve instead of as "executed." *See* ECF No. 13.

## CONCLUSION

For the reasons identified in this Memorandum Opinion, Ms. Grier's request for additional service is denied and this case is dismissed without prejudice as to Defendant Dallas Housing Authority.

## ORDER

It is therefore ORDERED that:

1. Ms. Grier's Amended Complaint, ECF No. 28, is DISMISSED WITHOUT PREJUDICE as to Defendant Dallas Housing Authority.


Dated: December 6, 2022                              /S/
                                                Paul W. Grimm
                                                United States District Judge