IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAUNDRA GRIER,                                *

    Plaintiff,

v.                                            *         Civil Action No. 8:21-cv-02165-PX

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT
*et al.*,
                                                 *

    Defendants.
                                              ***

## MEMORANDUM ORDER

Presently pending is Plaintiff Daundra Grier's motion for reconsideration of the Court's Orders dismissing the Complaint at ECF Nos. 46 & 48.[1] ECF No. 50. Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, reconsideration is available "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." *Id.*

Grier has provided no grounds for the Court to reconsider its prior decisions. Although Grier's motion is difficult to follow, she appears to dispute the relevance of the declaration signed by Derya Samadi, Acting Regional Counsel at the United States Department of Housing and Urban Development ("HUD"). ECF No. 50. Samadi attested that Grier never filed a tort claim with HUD, a necessary precondition to filing suit in this Court pursuant to the Federal Tort Claims Act ("FTCA"). ECF No. 16-1. The Court relied in part on Samadi's declaration in its decision to dismiss Grier's FTCA claim for lack of subject matter jurisdiction. ECF No. 46 at 8.

---

[1] This case was reassigned to this Court upon the retirement of the Hon. Paul W. Grimm.

In her motion, Grier rehashes the same argument that she had previously raised in her opposition to the motion to dismiss, namely that Samadi, as a counsel for HUD Region 1, cannot speak to whether Grier submitted a complaint in HUD Region 3.  ECF No. 50; *see also* ECF No. 18 at 2.  The Court already rejected this argument as unsupported by the available evidence, ECF No. 46 at 8, and Grier fails to provide any new evidence to the contrary.  Grier thus fails to advance any argument that the prior decision amounted to a clear error of law.

Moreover, Grier's motion wholly fails to address the Court's independent grounds for dismissing her claims against HUD and the Housing Authority of Elkton, Maryland under Federal Rule of Civil Procedure 12(b)(6).  ECF Nos. 46 & 48.  Grier provides no basis to upset this independent basis for dismissing the claims.

Accordingly, it is this 21st day of March 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's Motion for Reconsideration (ECF No. 50) IS DENIED;

2. The Clerk shall TRANSMIT a copy of this Memorandum Order to the parties; and

3. CLOSE this case.

3/21/2023
Date

            /S/
Paula Xinis
United States District Judge